### APPEAL FROM FINAL ORDER IN MANDAMUS.

THE STATE OF OHIO, EX REL BARKER, v. PHILBRICK, DIRECTOR PUBLIC SAFETY, ETC.

69 Ohio State—Decided, December 8, 1903.

*Final Judgment by Common Pleas Court in Mandamus—May Be Appealed to Circuit Court.*

From the final judgment rendered by the court of common pleas in mandamus, an appeal may be taken to the circuit court.

Error to the Circuit Court of Franklin County.

Suit in mandamus was brought in the court of common pleas by plaintiff in error for a peremptory writ to compel the defendant in error to approve a voucher for money alleged to be due the relator as compensation for his services as a sanitary policeman in the city of Columbus. The defendant having answered, and the relator having replied to the answer, the cause was tried in the court of common pleas and a judgment rendered in favor of the defendant. The relator thereupon took an appeal to the circuit court, where a motion to dismiss the appeal was interposed, and the motion was sustained upon the sole ground that the cause is not appealable. To reverse the order of dismissal this petition in error is prosecuted.

*James M. Butler* and *W. L. Merwine,* for plaintiff in error.

*Jones, Addison & Williams,* for defendant in error.

BY THE COURT.

BURKET, C. J.; SPEAR, DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

Section 5226, Revised Statutes, fixes the traits of an action which may be appealed to the circuit court after a final judgment in the court of common pleas. It must be a civil action, an action of which the common pleas court had original jurisdiction, and an action in which the right to demand a jury did not exist. It is not questioned that the court of common pleas had original jurisdiction of this action, nor that the right to demand a jury upon the trial of the issues of fact did not exist. The circuit court appears to have been of the opinion that the action was not appealable because it is not a civil action. In *Chinn* v. *Trustees,* 32 Ohio St., 236, it was determined that there was no statutory limitation as to the time within which a writ of mandamus might be obtained, because it is not a civil action within the contemplation of the code of civil procedure. In *Dutton* v. *Village of Hanover,* 42 Ohio St., 215, the right to appeal in a case of this character appears to have been denied by counsel upon the ground that either party might demand a jury upon the trial of the issues of fact. The conclusion which the court reached with reference to that question was that neither party could demand a jury, and it

thereupon decided comprehensively that either party might appeal from the judgment of the court of common pleas. It is quite true that the report of the case pays no attention to the previous decision, nor does it appear that any consideration was given to the particular question whether mandamus has become, by virtue of subsequent legislation, a civil action. In the later case of *The State* v. *Crites*, 48 Ohio St., 143, this particular subject was considered by the court in the light of the changes in legislation, particularly that made by the revision of 1878, the conclusion being that:

"In view of these express provisions of the statute it is difficult to say wherein a proceeding in mandamus differs in any material respect from a c'vil action, or even in any respect except in name."

The reports of the circuit court and of this court show that the case of *Dutten* v. *Hanover* has been generally accepted as conclusive in favor of the right of appeal in cases of this character. Indeed, we are not aware that since the decision in that case the appealability of a mandamus case has been denied anywhere in the state except in the second circuit, and in that circuit the case, cited was, for a time, accepted as conclusive in favor of the right of appeal.

In view of the expressions of this court upon the subject, its express holding in *Dutten* v. *Hanover,* and the general acceptance of that conclusion throughout the state, we think the question should be regarded as settled.

*Judgment reversed.*